**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4658**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JADE CLAYTON JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:11-cr-00545-RWT-1)

Submitted: April 28, 2017                    Decided: May 30, 2017

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Hollis Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2012, Jade Clayton Jackson pleaded guilty to involuntary manslaughter, in violation of 18 U.S.C. § 1112(a) (2012), and driving with a revoked license, in violation of 36 C.F.R. § 4.2 (2017) and state law. The district court sentenced Jackson to 51 months of imprisonment followed by 3 years of supervised release. Following his release from incarceration, the district court revoked Jackson's supervised release and sentenced him to 24 months of imprisonment. Jackson now appeals. For the reasons that follow, we affirm.

On appeal, Jackson argues that the district court erroneously admitted the testimony of a laboratory technician regarding her review of raw data generated by machines which tested samples of Jackson's urine where the tests were conducted by other technicians. The testifying witnesses stated that based on her review of the machine-generated data, the samples were positive for phencyclidine (PCP). Jackson also challenges the district court's admission of the laboratory reports generated by certifying technicians who did not testify at the revocation hearing. Those reports stated that the samples contained PCP.

"We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion." *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014). Pursuant to Fed. R. Crim. P. 32.1(b)(2)(C), a defendant in a revocation proceeding is entitled to an opportunity to question adverse witnesses unless the court determines that the interest of justice does not require the witness to appear. *Id.* That rule "specifically requires that, prior to admitting hearsay evidence in a revocation hearing, the district court must

2

balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). "If hearsay evidence is reliable and the Government has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1." *Id.* at 521 A district court's failure to conduct "any reliability finding or [make] any attempt to engage in the balancing test required by Rule 32.1" is an abuse of discretion. *See id.*

With respect to the testimony of the technician regarding her conclusions from reviewing the data generated by the machines testing Jackson's samples, the district court did not err in admitting that testimony. *See United States v. Washington*, 498 F.3d 225, 229-32 (4th Cir. 2007) (supervising chemist may testify to review of machine-generated data where other technicians conducted the test without implicating a defendant's right to confront witnesses against him). In addition, with respect to the reports of the certifying technicians, which contained the same conclusions reached by the technician who testified at the hearing, we conclude that any error in the admission of these reports was harmless. *See Ferguson*, 752 F.3d at 618 (stating standard for harmless error review).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3